**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**BRANDON RIFENBURG,**

                          **Plaintiff,**

  vs.                                                        **1:15-CV-978
(MAD/CFH)**

**DEPUTY DAVID HUGHES,** *et al.*,

                          **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

**JONNA SPILBOR LAW**                **ANDREW W. HUMPHREYS, ESQ.**
214 Main Street
Poughkeepsie, New York 12601
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**       **RACHEL M. KISH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Bailey

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on or about April 10, 2015, in New York State Supreme Court, Ulster County, alleging Defendants violated Plaintiff's federal and state civil rights. *See* Dkt. No. 1. On August 11, 2015, Defendants Town of Rosendale and Town of Kingston removed the action to this Court. *See id.*

Currently before the Court is Defendant Brandon Bailey's motion to dismiss. *See* Dkt. No. 15.

## II. BACKGROUND

On or about April 15-16, 2014, Plaintiff alleges that he was involved in a vehicle pursuit by police. *See* Dkt. No. 4 at ¶¶ 27-33. During the chase, Plaintiff claims Defendants used a "spike strip" which caused the tires of his vehicle to "blow out." *Id.* at ¶ 27. Thereafter, Plaintiff alleges that co-Defendant Deputy David E. Hughes used a "'Police Intervention Tactic,' striking the vehicle driven by [Plaintiff] and causing such vehicle to roll onto its side." *Id.* at ¶ 28. While Plaintiff's vehicle was resting on its side, Plaintiff claims that he was shot twice by Defendant Hughes. *See id.* at ¶ 29. Further, Plaintiff contends that, at the time he was shot, he was unarmed and in the process of surrendering, with his arms raised in the air. *See id.* at ¶¶ 29-31.

In his complaint, Plaintiff brings the following causes of action: (1) excessive force in violation of the Fourth and Fourteenth Amendments; (2) municipal liability for his constitutional claims; (3) common law assault and battery; (4) common law intentional infliction of emotional distress; (5) common law negligent infliction of emotional distress; (6) common law negligence; (7) respondeat superior liability of the municipal Defendant for the state-law violations; and (8) common law negligent supervision, retention and training. *See id.* at ¶¶ 49-86. Currently before the Court is Defendant Bailey's motion to dismiss all claims pending against him, to which Plaintiff has not responded. *See* Dkt. No. 15.[1]

### III. DISCUSSION

**A.    Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal

---

[1] The second, seventh and eighth causes of action do not apply to and are not alleged against Defendant Bailey.

sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.      Official capacity claims**

3

The Eleventh Amendment provides a state with sovereign immunity from suit. *See Virginia Office for Protection and Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) (citation omitted). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 1638 (citation omitted). Generally, New York and its agencies enjoy sovereign immunity from suit in federal court under the Eleventh Amendment. *See Woods v. Rondout Valley Central Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (holding that the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities) (citation omitted).

In his first, fourth and fifth causes of action, Plaintiff alleges claims against Defendant Bailey in his official and individual capacities. Since claims against Defendant Bailey in his official capacity seeking monetary damages are barred by the Eleventh Amendment, the Court grants Defendant Bailey's motion to dismiss as to those claims.

**C.     Personal involvement**

Defendant Bailey contends that Plaintiff has failed to allege any facts suggesting that Defendant Bailey was personally involved in the acts leading to Plaintiff's alleged injuries or that he violated Plaintiff's constitutional rights. *See* Dkt. No. 15-1 at 6. The Court agrees.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*,

4

445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation and citations omitted). "'[W]hen monetary damages are sought under § 1983, the [] doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.'" *Id.* (quotation omitted). A plaintiff can satisfy this burden by plausibly alleging one of the following: (1) the defendant directly participated in the alleged constitutional deprivation; (2) the defendant is a supervisory official who failed to correct the wrong after learning about it through a report or appeal; (3) the defendant is a supervisory official who created a policy or custom under which the constitutional deprivation occurred, or allowed such a policy or custom to continue; or (4) the defendant is a supervisory official that was grossly negligent in managing subordinates who caused the constitutional deprivation. *See Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

In the present matter, Plaintiff has failed to allege any facts plausibly suggesting that Defendant Bailey was personally involved in the acts leading to Plaintiff's alleged injuries. Although the complaint identifies who Defendant Bailey is and who he is employed by, Plaintiff has failed to attribute any of the alleged misconduct to Defendant Bailey. Rather, the conclusory allegations against all named "Defendants" are precisely the type of "threadbare recitals of the elements of a cause of action" that are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 679-80.

Based on the foregoing, the Court grants Defendant Bailey's motion to dismiss. In light of the early stage of these proceedings, and because it is unclear at this point whether amendment would be futile, the claims against Defendant Bailey in his individual capacity are dismissed without prejudice. Morever, since the Court has dismissed all claims in the complaint as to Defendant Bailey, the Court also dismisses as moot the cross-claims pertaining to Defendant Bailey.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that all claims and cross-claims against Defendant Bailey are **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 16, 2015
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge