**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**BRANDON RIFENBURG,**

                          **Plaintiff,**

  vs.                                              1:15-CV-978
                                                        (MAD/CFH)

**DEPUTY DAVID HUGHES,** *et al.*,
                         **Defendants.**

_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JONNA SPILBOR LAW**                 **ANDREW W. HUMPHREYS, ESQ.**
214 Main Street
Poughkeepsie, New York 12601
Attorneys for Plaintiff

**COOK, NETTER LAW FIRM**           **ROBERT D. COOK, ESQ.**
85 Main Street
P.O. Box 3939
Kingston, New York 12402
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this action on or about April 10, 2015, in New York State Supreme Court, Ulster County, alleging Defendants violated his federal and state civil rights. *See* Dkt. No. 1. On August 11, 2015, Defendants Town of Rosendale and Town of Kingston removed the action to this Court. *See id.*

Currently before the Court is a motion to dismiss on behalf of Defendants City of Kingston; City of Kingston Police Department; Mwinne Unit #122, City of Kingston Police Department; Supervisor #42 LTJM, City of Kingston Police Department; Town of Ulster; and Town of Ulster Police Department ("Defendants"). *See* Dkt. No. 35-1.

## II. BACKGROUND

On or about April 15-16, 2014, Plaintiff alleges that he was involved in a vehicle pursuit by police. *See* Dkt. No. 4 at ¶¶ 27-33. During the chase, Plaintiff claims Defendants used a "spike strip" which caused the tires of his vehicle to "blow out." *Id.* at ¶ 27. Thereafter, Plaintiff alleges that Defendant Deputy David E. Hughes used a "'Police Intervention Tactic,' striking the vehicle driven by [Plaintiff] and causing such vehicle to roll onto its side." *Id.* at ¶ 28. Plaintiff contends that, while his vehicle was resting on its side, he was unarmed and in the process of surrendering, with his arms raised in the air, when he was shot by Defendant Hughes. *See id.* at ¶¶ 29-31.

In his complaint, Plaintiff brings the following causes of action: (1) excessive force in violation of the Fourth and Fourteenth Amendments; (2) municipal liability for his constitutional claims; (3) common law assault and battery; (4) common law intentional infliction of emotional distress; (5) common law negligent infliction of emotional distress; (6) common law negligence; (7) respondeat superior liability of the municipal Defendants for the state-law violations; and (8) common law negligent supervision, retention and training. *See id.* at ¶¶ 49-86. Currently before the Court is Defendants City of Kingston and Town of Ulster's motion to dismiss all claims against them and their respective law enforcement units. *See* Dkt. No. 35-1. Plaintiff has not responded to the motion.

## III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

3

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     Capacity to be sued**

As a threshold matter, Defendants argue that the police departments and their various agencies named in this action should be terminated because they lack the capacity to be sued. *See* Dkt. No. 35-1 at 8.  The Court agrees.  Since any claims against these agencies are properly brought against the municipalities themselves, City of Kingston Police Department, Mwinne Unit #122, Supervisor #42 LTJM, and Town of Ulster Police Department are terminated as defendants in this action. *See Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *Curry v. City of New York*, No. 10-CV-5847 (SLT)(LB), 2011 WL 128571, *4 (E.D.N.Y. Jan. 14, 2011) (dismissing claims against municipal agencies); *Lauro v. Charles*, 219 F.3d 202, n.2 (2d Cir. 2000) (upholding district court's dismissal of action against the police departments on the theory that city agencies are non-suable entities).

**C.     Personal Involvement**

Next, Defendants argue that Plaintiff's section 1983 claims of excessive force under the Fourth and Fourteenth Amendments should be dismissed against them because Plaintiff has failed to plausibly allege that any police officer from either the City of Kingston or the Town of Ulster violated the Constitution through their own individual action. *See* Dkt. No. 35-1 at 9-11.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983).  Not only must the conduct deprive the

4

plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, reh. denied, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omission of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolodated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. ed. 2d 619 (1979)) (other citation omitted).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation and citations omitted). "'[W]hen monetary damages are sought under § 1983, the [] doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.'" *Id.* (quotation omitted). A plaintiff can satisfy this burden by plausibly alleging one of the following: (1) the defendant directly participated in the alleged constitutional deprivation; (2) the defendant is a supervisory official who failed to correct the wrong after learning about it through a report or appeal; (3) the defendant is a supervisory official who created a policy or custom under which the constitutional deprivation occurred, or allowed such a policy or custom to continue; or (4) the defendant is a supervisory official that was grossly negligent in managing subordinates who caused the constitutional deprivation. *See Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

In the present matter, Plaintiff has failed to allege any facts plausibly suggesting that any officer from either the City of Kingston or the Town of Ulster had any personal involvement in

the acts leading to Plaintiff's alleged injuries. Here, Plaintiff's "threadbare recitals" that "[a]s a direct and proximate result of the said acts of the defendants . . . the plaintiff suffered [violations of his constitutional rights]," Dkt. No. 4 at ¶ 44, are not "enough to raise [his] right to relief above the speculative level," *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's claims of excessive force, in violation of the Fourth and Fourteenth Amendments, against the City of Kingston and the Town of Ulster are dismissed.

**D.** *Monell* **claims**

Next, Defendants argue that Plaintiff's cause of action for municipal liability should be dismissed against them because Plaintiff has failed to plausibly allege facts demonstrating that any municipal policy or custom caused the denial of a constitutional right. *See* Dkt. No. 35-1 at 12. Defendants are correct.

In *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governing bodies and officials sued in their official capacities were "persons" within the meaning of section 1983. *See id.* at 690. Municipalities can therefore be sued directly in "situations where . . . the action that is alleged to be unconstitutional . . . may be fairly said to represent official policy" or "'custom[,]' even though such custom has not received formal approval through the government's official decision-making channels." *Id.* at 659. The Court further held that a local government cannot be held liable under section 1983 solely for the wrongdoing of its employees where the employee was not acting pursuant to some official municipal policy that caused the constitutional harm. *See id.* at 691. In sum, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [for which] the government as an

entity is responsible under § 1983," the municipality may be held liable. *Id.* at 694.

In order to hold a municipality liable under section 1983 for the unconstitutional actions of its employees, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). These essential elements of the cause of action, however, do not relieve a plaintiff from his or her general obligation to meet the Rule 8 pleading standard. In order to survive a motion to dismiss, a plaintiff "cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)). "[C]onclusory, boilerplate assertion[s] of a municipal policy or custom [are] insufficient to survive a motion to dismiss." *Rivera v. Bloomberg*, Nos. 11 Civ. 629, 11 Civ. 4325, 2012 WL 3655830, *12 (S.D.N.Y. Aug. 27, 2012) (quoting *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011)).

In the present matter, Plaintiff's complaint is replete with boilerplate statements declaring that such policies and practices exist and were the cause of his alleged injuries, yet devoid of any specific facts that would support such an inference. *See* Dkt. No. 4 at ¶¶ 53-55, 57-58, 60-61. Since Plaintiff has failed to plausibly allege the existence of a policy or custom sanctioning the alleged unconstitutional conduct, his claims of municipal liability against the City of Kingston and the Town of Ulster are dismissed.

**E.    State law claims against the City of Kingston and the Town of Ulster**

Next, Defendants seek to dismiss Plaintiff's claims for common law assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, respondeat superior liability of the municipal Defendants for the state-law violations, and negligent supervision, retention and training. *See* Dkt. No. 35-1 at 16-19.

### *1. Assault and battery*

The thrust of Defendants' argument with respect to Plaintiff's claims for assault and battery is that Plaintiff has failed to plausibly allege that any officers from either the City of Kingston or the Town of Ulster police departments were personally involved in the alleged tortious conduct. *See* Dkt. No. 35-1 at 16. The Court agrees.

Under New York law, assault is defined as "the intentional placing of another person in fear of imminent or offensive contact." *Pravda v. City of Albany*, 956 F. Supp. 174, 183 (N.D.N.Y. 1997) (citing *United Nat. Ins. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)). Battery is defined as "an intentional wrongful physical contact with another person without consent." *Id.*; *see also Coopersmith v. Gold*, 568 N.Y.S.2d 250, 252 (3d Dep't 1991).

In his complaint, Plaintiff argues that "[t]he acts of the defendants, their officers, agents, servants, representatives, assigns, employees, independent contractors and/or dependent contractors, constituted an assault upon plaintiff in that [they] intentionally attempted to injure [him]." Dkt. No. 4 at ¶ 64. The complaint goes on to say that the same "acts" of "the defendants" "constituted a battery upon plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature." *Id.* at ¶ 65.

The complaint is completely devoid of any facts suggesting that any officers from either the City of Kingston or Town of Ulster Police Department participated in or had any contact with

anyone involved in the pursuit leading to the alleged assault and battery. Accordingly, Plaintiff's claims for assault and battery against the City of Kingston and the Town of Ulster are dismissed.

### *2. Negligent and intentional infliction of emotional distress*

Next, Defendants argue that Plaintiff's claims for negligent and intentional infliction of emotional distress should be dismissed because he has failed to meet the extremely high threshold imposed by New York courts to maintain a claim for intentional or negligent infliction of emotional distress. *See* Dkt. No. 35-1 at 17. In order to maintain a claim for intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. New York Post Co.*, 596 N.Y.S.2d 350, 353 (1993)). To maintain a claim for negligent infliction of emotional distress under the "direct duty" theory, the plaintiff must allege that he suffered "an emotional injury from defendant's breach of a duty which unreasonably endangered [his] own physical safety." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996) (citations omitted). "The duty in such cases must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Id.* (citation omitted).

Having failed to plead facts which would plausibly suggest any involvement on the part of either the City of Kingston or the Town of Ulster police officers in the alleged incident, Plaintiff's claims for negligent and intentional infliction of emotional distress are dismissed.

### *3. Negligence*

9

In order to maintain a claim for negligence, a plaintiff must show that "the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997) (citing *Solomon by Solomon v. City of New York*, 499 N.Y.S.2d 392, 392 (1985)) (other citation omitted).

Defendants argue that Plaintiff's negligence claims must be dismissed because he has failed to plausibly allege that any police officer from either municipality engaged in the alleged incident. *See* Dkt. No. 35-1 at 18. Defendants further argue that the claim should be dismissed because Plaintiff has failed to state what duty of care was owed by such individuals at the time of the alleged incident. *See id.*

After describing in detail the alleged acts of Deputy David E. Hughes, Plaintiff describes the only other allegations which can conceivably implicate Defendants. Specifically, Plaintiff asserts that the "police pursuit was . . . conducted by defendants . . . despite having been 'called off.'" Dkt. No. 4 at ¶ 34. He then alleges that "Defendants . . . informed their fellow officers involved . . . of inaccurate information regarding Plaintiff's status as unarmed" or otherwise "failed to . . . inform their fellow officers" of his unarmed status. Dkt. No. 4 at ¶¶ 37-39.

Standing alone, the Court finds these allegations to be "merely consistent with" Defendants' liability, *Iqbal*, 556 U.S. at 678, and thus insufficient to "nudge[ ] [Plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Plaintiff's failure to plausibly allege that any police officer from either the City of Kingston or the Town of Ulster was involved necessitates dismissal.

### *4. Negligent training, retention and supervision*

In order to state a claim for negligent retention, supervision and training against an employer in New York, "in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship, (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence, and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citations omitted) (internal quotation marks omitted). Since Plaintiff has failed to plausibly allege that any City of Kingston or Town of Ulster employee had any involvement in the alleged pursuit, the claims for negligent training, retention and supervision against those municipalities are dismissed.

### 5. *Respondeat superior*

Lastly, Plaintiff asserts that Defendants are "liable to plaintiff pursuant to the state common law doctrine of respondeat superior." Dkt. No. 4 at ¶ 83. As Plaintiff has failed to allege any underlying liability, this claim is dismissed as against the City of Kingston and the Town of Ulster. *See Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011); *see also Faiaz v. Colgate Univ.*, 64 F. Supp. 3d 336, 368 (N.D.N.Y. 2014).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 35) is **GRANTED**; and the Court further

**ORDERS** that all claims and cross-claims against City of Kingston and Town of Ulster are **DISMISSED without prejudice**; and the Court further

**ORDERS** that City of Kingston, Town of Ulster, City of Kingston Police Department, Town of Ulster Police Department, Mwinne Unit #122, and Supervisor #42 LTJM are **TERMINATED** as Defendants in this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[1]

**IT IS SO ORDERED.**

Dated: March 3, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] A review of the complaint makes clear that Plaintiff has filed suit against every municipality that Plaintiff drove through during the pursuit, while only making specific allegations against Defendant Hughes. Since the complaint was first filed, Plaintiff has voluntarily withdrawn his claims against many of these municipalities, presumably after deciding that their officers did not participate in the alleged incident. However, this is now the second time that various Defendants have filed a motion to dismiss, to which Plaintiff did not respond. *See* Dkt. No. 15. As such, this is now the second time that the Court has been forced to issue a Memorandum-Decision and Order granting unopposed motions to dismiss Defendants who seemingly have no connection whatsoever to the underlying incident. Such conduct in the future will not be tolerated.